STATE OF HAWAII, Plaintiff-Appellee, *v.* JOAN
CHARLOTTE LEE, also known as Joan Ledward,
Defendant-Appellant

NO. 6001

NOVEMBER 14, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.*

*Per Curiam.* The defendant, Joan Charlotte Lee, also
known as Joan Charlotte Ledward, was indicted for first
degree robbery and for theft. A mental examination of the
defendant by a team of three court-appointed physicians
produced a diagnosis of schizophrenia. The committee's re-
port also showed that she (a) lacked the capacity to under-
stand the proceedings against her and to assist in her own
defense, and (b) lacked substantial capacity to either ap-
preciate the wrongfulness of her conduct or to conform her
conduct to the requirements of the law at the time of the
alleged offenses. On the basis of this report, defense counsel
moved for judgment of acquittal, pursuant to HRS § 704-408
which provides:

§ 704-408. Determination of irresponsibility. If the
report of the examiners filed pursuant to section 704-404

---

*Justices Kobayashi and Kidwell, who heard oral argument in this case, retired
from the court on December 29, 1978 and February 28, 1979, respectively. HRS §
602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if
for any other reason a justice is unable to continue on the case, the case may be
decided or disposed of upon the concurrence of any three members of the court
without filling the vacancy or the place of such justice."

states that the defendant at the time of the conduct alleged suffered from a physical or mental disease, disorder, or defect which substantially impaired his capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law, and the court, after a hearing if a hearing is requested, is satisfied that such impairment was sufficient to exclude responsibility, the court, on motion of the defendant, shall enter judgment of acquittal on the ground of physical or mental disease, disorder, or defect excluding responsibility.

At the hearing on the motion, the trial court determined that the defendant was unfit to proceed and in accordance with HRS § 704-406(1) committed her to the custody of the director of health. After having made that determination the court, relying on the same statute which provides, *inter alia,* that "[i]f the court determines that the defendant lacks fitness to proceed, the proceedings against him shall be suspended," deferred action on the motion for judgment of acquittal for an indefinite period.

Defense counsel, in the name of the defendant, has filed this appeal, claiming that the trial court was without authority to suspend the proceedings with respect to the motion for judgment of acquittal. We disagree with the position taken by defense counsel.

So long as defense alternatives of a substantive nature may be available to the defendant, we think that HRS § 704-406(1) requires suspension of the proceedings until the defendant can assist her attorney in selecting any one or more of these alternatives. This is consistent with the fundamental proposition that an accused should be competent to understand the nature of the proceedings against him and to assist in his own defense. HRS § 704-403; *Dusky v. United States,* 362 U.S. 402 (1960).

Implicit in a motion for judgment of acquittal by reason of mental irresponsibility is the admission that the defendant committed the offense charged. This may not be consistent with the facts or with the defendant's own view of the evidence. It is for her to determine whether or not she should proceed to trial, and with her counsel's assistance review her

alternatives. *See* Commentary on HRS § 704-408. Substantive defenses, other than mental irresponsibility, may be available to the defendant in this case. She could, for example, defend on the ground that she did not engage in the conduct charged. Or she may raise other defenses that could reduce the degree of the crimes charged, or even exonerate her of one or both charges. These, of course, are all a matter of conjecture at this point, but we think that the ramifications of a finding of not guilty by reason of insanity as contrasted to the effects of a general finding of not guilty are sufficiently at variance to warrant suspending the proceedings until the accused is fit to assist in her own defense. A judgment by reason of insanity or mental irresponsibility carries with it its own stigma, and such a verdict before trial will have the further effect of foreclosing any possible later protestations of the defendant's complete innocence.

Any potential prejudice to the defendant by the deferral of the motion for judgment of acquittal is largely neutralized by the provisions of HRS § 704-406(2), which provides in part that where the defendant has regained fitness to proceed and the trial court "is of the view that so much time has elapsed . . . that it would be unjust to [the defendant] to resume the proceeding, the court may dismiss the charge and may order the defendant to be discharged."

Affirmed.

*Richard C. F. Chun*, Deputy Public Defender for defendant-appellant.

*Cora K. Lum*, Deputy Prosecuting Attorney for plaintiff-appellee.